ARMINGER v. CITY NAT. BANK OF PARIS. (No. 1503.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 11, 1915.)

ACCOUNT STATED ☞20 — EVIDENCE — QUESTION FOR JURY.

In an action for damages for a breach of contract, where defendant counterclaimed, evidence *held* to warrant the submission of plaintiff's claim to the jury, it not conclusively establishing an accounting by which plaintiff agreed to his liability.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 9, 40, 94, 95, 97–99; Dec. Dig. ☞20.]

Appeal from District Court, Lamar County; A. P. Doaoney, Judge.

Action by Elmer L. Arminger against the City National Bank of Paris, which counter-claimed. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

October 30, 1912, appellee, while operating a box manufacturing plant in Paris, which, being a creditor of the bankrupt, it had purchased at the trustee's sale of property belonging to the Paris Box & Lumber Company, bankrupt, contracted with appellant to sell and deliver to him on board the cars at Paris, on orders therefor to be made by him before May 1, 1913, 50 carloads of egg cases. Appellant, who was the plaintiff below, claimed that appellee after delivering 19 carloads of the cases as agreed upon, failed and refused to deliver the remaining 31 carloads thereof, to his damage in the sum of $2,480. He further claimed that in an accounting had between him and appellee in February, 1914, the latter agreed it was liable to him for said sum of $2,480, less $749, representing his indebtedness to it for cases it had delivered to him and then promised to pay him the sum of $1,731, the amount of his said damages, less said sum of $749. The suit was to recover of appellee said $1,731. Appellee denied that it had breached the contract as charged against it, or had promised to pay appellant said sum of $1,731 as charged by him, and alleged that in October, 1913, an accounting was had between it and appellant of the matters connected with the contract between them, and that it was then agreed that appellant was indebted to it in the sum of $749, which he promised to pay to it. By pleading in the nature of a cross-action appellee sought a recovery against appellant of said sum of $749. After hearing the testimony the trial court told the jury that appellee had failed to prove any breach of the contract by appellant, that the undisputed evidence showed that appellant was indebted to appellee in the sum of $749 and interest, and instructed them to find against appellant for said sum of $749 and interest. The appeal is from a judgment rendered on a verdict returned in accordance with said instructions.

Wright & Patrick, of Paris, and Walter H. Eckert, of Chicago, Ill., for appellant. Park, Moore & Hardison, of Paris, for appellee.

WILLSON, C. J. (after stating the facts as above). We think the contention of appellant that the testimony made an issue for the jury as to whether, in an accounting had between him and appellee in October, 1913, it was found that he was indebted to appellee in the sum of $749, which he then promised to pay, or not, and if there was not whether there was an accounting between them in February, 1914, when it was found that appellee was liable to him in the sum of $1,731, which it then promised to pay, or not, and that the action of the trial court in peremptorily instructing the jury as he did therefore was erroneous, should be sustained.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellee's claim that the account between it and appellant was stated in October, 1913, that a balance of $749 was then found to be due it, and that appellant then promised to pay that balance, is disputed in the testimony, as we understand it, of appellant as a witness, and by appellee's letter of November 6, 1913, to him. If the account between the parties was not then stated and a balance which appellant agreed to pay found to be due to appellee, as it claimed was true, whether appellee was entitled to recover of appellant as determined by the court below, or not, depended upon whether there was an accounting between them in February, 1914, in which it was ascertained that there was a sum due appellant by appellee which it promised to pay, or not. From testimony given on behalf of appellant, which will not be discussed, we think the jury might have found there was such an accounting and promise on the part of appellee. The judgment will be reversed and the cause remanded for a new trial, so that, if the testimony is the same, the issues referred to may be determined by a jury.

Assignments in appellant's brief presenting other questions for review are overruled.

The judgment is reversed and the cause remanded for a new trial.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes